IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JOSHUA CACHO,** a Texas resident, <br><br> **Plaintiff,** <br><br> v. <br><br> **DHANCONLLC,** a Florida Limited liability Company, and **DHANCON DESROCHES,** a Florida resident, <br><br> **Defendants.** | § § § § § § § § § § § § § § § 3:25-cv-00152-KC |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

**1.** Plaintiff JOSHUA CACHO ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in El Paso, Texas for all telephone solicitation calls relevant to this case.

**2.** Defendant DHANCONLLC ("Dhancon") is a Limited Liability Company organized and existing under the laws of Florida and can be served via registered agent and officer Dhancon Desroches at 422 S Scott Ave Sanford, Florida 32771.

**3.** Defendant DHANCON DESROCHES ("Desroches") is a natural person, officer of Dhancon and can be served at 422 S Scott Ave Sanford, Florida 32771.

**JURISDICTION AND VENUE**

**4.** Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

## PERSONAL JURISDICTION

5.     This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed themselves to the State of Texas and to this District, and there is a sufficient relationship between Defendants' purposeful contacts with Texas and the litigation.  Defendants purposefully sent calls into Texas despite having no business relationship with Plaintiff.

- a.  Defendants target Texas when marketing debt relief services and regularly conduct business in this District, including telephone solicitation.
- b.  Defendants purposefully sent phone calls to Plaintiff's El Paso area phone number with area code 915 to generate leads for Defendant Amity.
- c.  Defendants directed the calls to be sent into Texas and purposefully directed that Texas residents be targeted with the solicitation phone calls.
- d.  The purposeful calls to Texas injured Plaintiff in Texas, creating a causal link among Defendants, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction.  *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

## VENUE

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the telephone solicitation calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District.

7.     This Court has venue over Defendant because the telephone solicitation calls at issue in

this case occurred in the Western District of Texas.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

8.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12.    Separately, the TCPA bans telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 227(c) or a regulation promulgated there under. 47 U.S.C. § 227(c)(5).

14.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears

---

[1]*See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20. The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *Id*. at § 227(a)(1)

21. As to what type of dialing equipment constitutes an ATDS, the TCPA vests to the Federal Communication Commission ("FCC") the responsibility to promulgate regulations implementing the TCPA's requirements. *Id.* at § 227(a)(1).

22. Over the last nineteen years, the FCC has repeatedly recognized that a predictive dialer is an ATDS that is subject to regulation by the TCPA. In its 2003 Order, the FCC also defined a "predictive dialer" holding:

[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. As commenters point out, in most cases, telemarketers program the numbers to be

called into the equipment, and the dialer calls them at a rate to ensure that when a consumer answers the phone, a sales person is available to take the call.[1]

23. In 2008, the FCC affirmed "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."[2]

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code § 302.101

25. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in Texas.

26. The Plaintiff may seek damages of violations of Texas Business and Commerce Code § 302.101 of to $5,000.00 per violation, reasonable costs of prosecuting the action, court costs investigation costs, depositions expenses, witness fees, and attorney's fees.

27. Texas Business and Commerce Code 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading or deceptive act of practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right of remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §

302.303.

28. The use or employment by any person of a false, misleading, or deceptive act or practice causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## FACTUAL ALLEGATIONS

29. Plaintiff's personal cell phone ending in 9810 has been registered on the National Do-Not-Call Registry for more than thirty-one (31) days prior to the first telephone solicitation call received from Defendant Dhancon.

30. Plaintiff personally registered the cell phone number ending in 9810 on the National-Do-Not-Call Registry on May 21, 2021.

31. Plaintiff never asked the National Do-Not-Call Registry administrator to remove him or his number ending in 9810 from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

32. Plaintiff's cellular telephone 9810 is a private residential telephone, used for non-business purposes only.

33. Each call alleged herein is a telephone solicitation call as described by TCPA and Texas Business and Commerce Code.

34. Defendant Dhancon is a broker that offers home selling services to individuals looking to sell their homes.

35. Companies that offer home buying services have been held liable for TCPA violations. McMorroe v. Core Properties, LLC 2023 WL 8697795 (E.D. Mo. Dec. 15, 2023).

36. Defendant Dhancon made at least fifteen (15) unauthorized telephone solicitation calls to Plaintiff's phone without his authorization or consent.

37. All telephone solicitation calls from Dhancon to Plaintiff were solicitations to purchase a

property Plaintiff once resided at.

38.     Telephone Solicitation Calls #1-13, between February 19, 2025, through February 25, 2025, Plaintiff received at least thirteen (13) unauthorized telephone solicitation calls from Dhancon. Each call began with Plaintiff saying "Hello," followed by somebody asking for "Trevor Martin" and calling on behalf of "Hoosier Buyers."

39.     On each of the thirteen calls described above Plaintiff would respond by telling Dhancon that he lived in Texas and that was not his house, and to stop calling.

40.     Call #14, on February 25, 2025, at 10:46 AM, Plaintiff received a call from Dhancon with 321-348-6026 appearing on his caller ID. Plaintiff answered with "Hello" and was greeted by Desroches stating his name was "Dan Love" calling on behalf of "Hoosier Buyers."

41.     Plaintiff engaged Desroches to verify the identity of the calls he had received from "Hoosier Buyers."

42.     Plaintiff received an email from Desroches on February 25, 2025, at 10:50 AM, from email address dan@d1flips.com containing a DocuSign agreement with Dhancon's information on the agreement. Plaintiff ended the call with telling Desroches that he was not interested in Dhancon's services and to not call him back.

43.     Call #15, on February 26, 2025, at 9:25 AM, Plaintiff received a call from Desroches calling on behalf of Dhancon. Plaintiff answered the phone and after hearing Desroches identifying himself, Plaintiff told him not to call him back again and promptly hung up the phone.

44.     Below Table A displays the telephone solicitation calls received from Defendant Dhancon.

Table A

| No: | Caller ID: | Date: | Time: | Notes: |
|---|---|---|---|---|
| 1 | Feb 19, 2025 | 8:58 AM | 765-896-4234 | Unauthorized solicitation |
| 2 | Feb 19, 2025 | 9:04 AM | 765-896-4234 | Unauthorized solicitation |
| 3 | Feb 19, 2025 | 9:59 AM | 904-914-5780 | Unauthorized solicitation |
| 4 | Feb 19, 2025 | 12:34 PM | 645-215-4830 | Unauthorized solicitation |
| 5 | Feb 19, 2025 | 2:19 PM | 765-544-3565 | Unauthorized solicitation |
| 6 | Feb 19, 2025 | 2:34 PM | 765-544-3565 | Unauthorized solicitation |
| 7 | Feb 19, 2025 | 2:59 PM | 765-544-3565 | Unauthorized solicitation |
| 8 | Feb 20, 2025 | 10:24 AM | 765-544-3565 | Unauthorized solicitation |
| 9 | Feb 20, 2025 | 11:12 AM | 765-544-3565 | Unauthorized solicitation |
| 10 | Feb 22, 2025 | 4:47 PM | 765-544-3565 | Unauthorized solicitation |
| 11 | Feb 24, 2025 | 8:12 AM | 765-544-3565 | Unauthorized solicitation |
| 12 | Feb 24, 2025 | 3:18 PM | 765-544-3565 | Unauthorized solicitation |
| 13 | Feb 25, 2025 | 8:38 AM | 765-544-3565 | Unauthorized solicitation |
| 14 | Feb 25, 2025 | 8:42 AM | 765-544-3565 | Unauthorized solicitation |
|  | Feb 25, 2025 | 10:46 AM | 321-348-6026 | Unauthorized solicitation - Spoke with Dhancon Desroches aka Dan Love |

**45.** Plaintiff did not provide his phone number to Dhancon or Desroches at any point, other than to inform them not to solicit his phone.

**46.** Upon information and belief, Defendant Dhancon did not have a written do-not-call policy while Dhancon was sending Plaintiff the telephone solicitation calls.

**47.** Upon information and belief, Defendant Dhancon did not train his employees

who engaged in unauthorized telephone solicitations on the existence and use of any do-not-call list.

48.  Such conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3) (requiring telemarketers to honor and record DNC requests when made).

49.  Defendant Dhancon knew or should have known the requirements for making TCPA-compliant telemarketing telephone solicitation calls and thus knew or should have known that the telephone solicitation calls complained of herein violated the TCPA and its regulations.

50.  Defendant Dhancon knew or should have known the requirements for making TCPA and Texas sales-compliant telemarketing telephone solicitation calls, and thus knew or should have known that the unauthorized solicitation calls and the many disregarded DNC requests complained of herein violated the TCPA, Texas Business Commerce Code 302.101 and all of their regulations.

51.  No emergency necessitated these calls.

52.  Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing telephone solicitation calls consumed part of this capacity.

## DEFENDANT DESROCHES IS PERSONALLY LIABLE FOR THE CALLS MADE BY DHANCON AND HIM/HERSELF

53.  Defendant Desroches is personally liable for all calls made as he participated in Calls #14-15.

54.  Defendant Desroches purchased the leads that contained Plaintiff's information and led to Plaintiff receiving calls from Dhancon and Desroches.

55.     Defendant Desroches trained the staff of Dhancon on how to make outbound solicitation calls that Plaintiff received.

56.     Desroches provided Plaintiffs information to the staff of Dhancon and directed them to call Plaintiff.

57.     Desroches is not only the manager of Dhancon but he also participates in all calls made by Dhancon.

## TEXAS BUSINESS AND COMMERCE CODE 302.101

58.     Plaintiff was located in Texas at all times during the calls at issue.

59.     Plaintiff has been a Texas resident since July of 2023.

60.     On April 24, 2025, Plaintiff searched for a telephone solicitation registration for Defendant Dhancon at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

61.     Plaintiff searched: initial registration, bond canceled, pending, renewal registration, closed, and suspended registration.  Plaintiff did not find any registration for Defendant Dhancon.

62.     Defendant Dhancon has never been registered to telephone solicit from Texas, or into Texas.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

63.     Defendant Dhancon's telephone solicitation calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

64.     Defendant Dhancon's telephone solicitation calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

65.     Defendant Dhancon's telephone solicitation calls harmed Plaintiff by intruding upon

Plaintiff's seclusion.

66. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of Plaintiff's cell phone.

### PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

67. The telephone solicitation calls were to Plaintiff's cellular phone number 407-780-9810 which is Plaintiff's personal phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### CAUSES OF ACTION:
### COUNT ONE:

### COUNT ONE:
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

68. Plaintiff incorporates the preceding paragraphs 1-67 as if fully set forth herein.

69. Defendant Dhancon called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

70. Plaintiff was statutorily damaged at least fifteen (15) times under 47 U.S.C. § 227(c)(3)(F) by Defendant Dhancon's telephone solicitation calls as described above, in the

amount of $500.00 per call.

71.     Plaintiff was further statutorily damaged because Defendant Dhancon's telephone solicitation calls willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

72.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO
### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

73.     Plaintiff incorporates the preceding paragraphs 1-67 as if fully set forth herein.

74.     Defendant Dhancon and/or their affiliates or agents made at least fifteen (15) telephone solicitation calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code § 302.101.

75.     As a result of Defendant Dhancon's violations of Tex. Bus. and Com. Code § 302.101, Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and Com. Code § 302.302(a).

76.     As a result of Defendant Dhancon's violations of Tex. Bus. and Com. Code § 302.101, Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.  Tex. Bus. and Com. Code § 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joshua Cacho prays for judgment against Defendant Dhancon and Desroches jointly and severally as follows:

A.   Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.   A declaration that actions complained of herein by Defendant Dhancon and Desroches violates the TCPA, and Texas Business and Commerce;

C.   An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C §227(c) intentional violations jointly and severally against the corporations for 15 telephone solicitation calls;

D.   An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for 15 telephone solicitation calls;

E.   An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law 7and equity;

F.   Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

April 29, 2024,                                              Respectfully submitted,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com